IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL TALCOTT CURRIER, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>ROBERT CHOW, et al.,<br><br>    Defendants.<br>_____ / | No. C 04-03300 SI<br><br>**ORDER GRANTING MOTIONS TO DISMISS BY CATHERINE HEMMER, AND BY THE WHIM COMPANY AND VICTOR MESHKOVSKY** |

    Now before the Court are motions to dismiss brought by defendants Victor Meshkovsky and The Whim Company ("Whim"), and by defendant Catherine Hemmer. Both motions seek dismissal of plaintiffs' Third Amended Complaint without leave to amend. Pursuant to Local Rule 7-1(b), the Court finds the motions suitable for resolution without oral argument and therefore VACATES the hearings set for January 6, 2006. For the reasons set forth below, the Court GRANTS the motions.

**BACKGROUND**

    This is the second set of motions to dismiss plaintiffs' Third Amended Complaint. In a November 2, 2005, order, the Court granted motions to dismiss brought by four defendants, finding that the Third Amended Complaint failed to comply with the notice pleading requirements of Federal Rule of Civil Procedure 8. The defendants who have brought the current motions seek to have the complaint dismissed on similar grounds.

    On August 12, 2005, plaintiffs filed their 81-page, 409-paragraph Third Amended Complaint, which

contains 21 causes of action against 23 separate defendants.[1] The gist of the complaint appears to be that, in 1995, Currier developed a method of wireless internet voice communications that would have been faster and less expensive than what was then available. Third Am. Compl. ¶¶ 66-69. Currier believed this new invention had the potential to provide affordable wireless internet and telephone products to the entire world, including to remote areas of developing nations. *Id.* In 1999, he founded corporate plaintiff Communication Bridge Global, Inc. ("CBG"), conceivably to carry out his plan, although the complaint does not make this clear. *Id.* at ¶¶ 70-71. Currier's other company, Communication Bridge USA, Inc. ("CBUSA"), was later formed as a subsidiary of CBG. *Id.* The complaint then describes a vast network of conspiracies involving the Philippine government, Currier's ex-wife, and the entire telecommunications industry, the goal of which was to prevent Currier's idea from coming to fruition, to destroy his companies, and to steal his intellectual property. In addition, the complaint mentions the eviction of Currier's alcoholism recovery club, the Seven Seas Club, from a building at 215 Leidesdorff Street, San Francisco apparently owned by Whim and Meshkovsky. *Id.* at ¶¶ 119, 188.

As mentioned above, in a November 2, 2005, order, the Court granted motions to dismiss brought by four defendants. The Court found that plaintiffs' sweeping allegations failed to comply with the notice pleading requirements of Federal Rule of Civil Procedure 8, and dismissed the charges against the moving defendants with prejudice. For similar reasons, the Court GRANTS both motions to dismiss currently before it.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Under Rule 8(e), "each averment of a pleading shall be simple, concise, and direct." The purpose of these requirements is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957). In practical terms, the

---

[1] This Court's November 2, 2005, order provides a more detailed description of the Third Amended Complaint's contents.

2

requirements of Rule 8 ensure that a defendant will be able to respond to the allegations against him. *Edwards v. N. Am. Rockwell Corp.*, 291 F. Supp. 199, 211 (C.D. Cal. 1968) ("Rule 8(a)(2) envisions the presentation of factual allegations of sufficient clarity and certainty to enable defendants to determine the basis of plaintiff's claim and to formulate a responsive pleading."). They also help frame the lawsuit to guide case management and discovery. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

## DISCUSSION

For the same reasons provided in this Court's November 2, 2005, order, the Court finds that plaintiffs' Third Amended Complaint does not satisfy the requirements of Federal Rule of Civil Procedure 8. The complaint contains sweeping allegations that are written so broadly that litigation would be unmanageable. Moreover, despite its substantial length, the complaint does not provide the details necessary to give the defendants fair notice of plaintiffs' claims against them. Accordingly, the Court GRANTS defendants' motions to dismiss, with prejudice.

### 1.     The Whim Company and Victor Meshkovsky[2]

According to the Third Amended Complaint, Whim is "a California limited partnership" in which Meshkovsky is a partner. Third Am. Compl. ¶¶ 32-33. Although the allegations in the complaint are not entirely clear, it appears that Whim owned a building at 215 Leidesdorff Street in San Francisco. *Id.* at ¶ 183. Currier apparently leased space in the basement of this building for the Seven Seas Clubs, Inc., an entity he owned that helped people recover from alcoholism and other addictions.[3] *Id.* at ¶ 119, 183. Shortly after June 1, 2004, Whim evicted the Seven Seas Clubs from its building. *Id.* at ¶¶ 183. Plaintiffs allege that this was done in furtherance of a conspiracy masterminded by Robert Chow, one of the central figures of plaintiffs'

---

[2]In connection with their motion, Whim and Meshkovsky have requested that the Court take judicial notice of court documents filed by the parties in prior litigation. The Court GRANTS this request (Docket No. 263).

[3]The Seven Seas Clubs is not a party to this action.

3

complaint. *Id.* at ¶¶ 119, 183.[4]  Chow was originally a defendant to this action but the claims against him were dismissed with prejudice by an April 28, 2005, order.

Based upon these allegations, plaintiffs have brought nineteen causes of action against Whim and Meshkovsky. Only two of these causes of action, however – the eleventh and twelfth – mention anything related to these defendants. These allegations state that:

> CHOW interfered with CURRIER's and SEVEN SEAS' attempts to buy the building [at 215 Leidesdorff] by placing multiple proxy bids on the building, and having CHOW's proxy bidders insist that SEVEN SEAS and CURRIER be evicted from the building.

*Id.* at ¶¶ 296, 306.

The Court finds that these allegations are insufficient to satisfy the requirements of Rule 8. Nowhere in the complaint are there allegations that would provide Whim or Meshkovsky with notice of the facts upon which these charges are based. The complaint's factual allegations do not mention any attempt by Currier to purchase the building at 215 Leidesdorff, nor do they include any description of bids, whether regular or proxy, that Chow submitted on the building. Plaintiffs' allegations are simply insufficient to give Whim or Meshkovsky fair notice of the charges against them.

Even if plaintiffs' complaint provided a more detailed description of the facts underlying these two causes of action, the Court would still find that the overall length and breadth of the complaint warrants dismissal under Rule 8. Plaintiffs have brought nineteen separate causes of action against Whim and Meshkovsky, many of which are plainly unconnected to any of the factual allegations against them. Rather than bringing any legitimate causes of action in a more simple and straightforward manner, it appears that plaintiffs have tried to cabin all of their outstanding grievances against the defendants into a complaint of unsupportable breadth. This is insufficient under Rule 8. *See McHenry*, 84 F.3d at 1178.

**2.    Catherine A. Hemmer**

---

[4] The complaint alleges, at ¶ 119, "In March of 2003, Chow entered into RICO Conspiracy Number Thirty-Four (34) with Meshkovsky and Whim to evict Currier's new business, which Currier was operating in the basement of 215 Leidesdorff, as well as the 5th-floor office, a recovery club known as the Seven Seas Clubs, Inc., in separate and continuing continuity of acts of brutal economic oppression and forced impoverishment of Currier, CBG and CBUSA, while relentlessly abusing legal process as now detailed in the complaint in San Francisco Superior Court Case No. 05-440882, *Currier et al., v. Chow et al.*" Paragraph 183 is to the same effect, although lengthier.

4

According to the Third Amended Complaint, Hemmer was the Chief Operations Office [sic] of Covad, a telecommunications company that provides DSL services in the San Francisco Bay Area. *See* Third Am. Compl. ¶¶ 27, 52, 54. Beyond the paragraphs that provide these background facts, the complaint explicitly names Hemmer in only two paragraphs:

> 93. The Seventh (7th) RICO Conspiracy group involved Relevant Non-Parties, CHOW, SYLVIA CHOW, and others, which Plaintiffs believe include members of the COVAD executive team, including HAAS and HEMMER, to support the CHOWs in their founders' fraud of CURRIER and those with interests in CBG in the formation of CBUSA.
>
> * * *
>
> 95. Unbeknownst to Plaintiffs, at that time CHOW did work for HAAS and both COVAD entities listed herein, and reported directly to HEMMER, then Chief Operating Officer of COVAD. This Ninth (9th) RICO conspiracy, 'the COVAD conspiracy,' has as a core component historic continuity established in late January or early February of 2000, and continues on to this day.

*Id.* at ¶¶ 93, 95. The complaint also contains three paragraphs that refer to the Covad executive team:

> 96. In a subsequent further Tenth (10th) RICO Conspiracy, CHOW and his employers at COVAD conspired to defraud the Fairmont Hotel in late March of 2000, where CHOW attempted to promote DSL services to the Fairmont Hotel in opposition to implementing CBG's wireless telecom infrastructure in San Francisco, then the CBUSA pilot, which utilized the San Francisco Fairmont Hotel as a key hub.
>
> * * *
>
> 98. The Twelfth (12th) RICO Conspiracy to convert CBG and CBUSA assets included the CHOWs, the CHOW family members, and the executive team at COVAD, which later incorporated to execute the CBG and CBUSA business plan through a new company, known publicly as METROFI.
>
> * * *
>
> 115. In May of 2002, the executive team of COVAD continued in an ongoing continuity of conduct and action and executed RICO Conspiracy Number Thirty (30), whereby they incorporated a new California corporation known as METROFI in order to execute the business plans, designs, and technical processes taught by CURRIER to CHOW, who in turn, illegally breached his (CHOW's) contracts with Plaintiffs and divulged all the intellectual property of Plaintiffs to the COVAD executive team and operations groups . . . .

*Id.* at ¶¶ 96, 98, 115.[5]

The Third Amended Complaint does not contain any other allegations that appear to implicate Hemmer,

---

[5] The claims against MetroFi and Covad were dismissed in prior orders of this Court..

5

yet it includes Hemmer as a defendant in the nineteen causes of action brought against all defendants. Given the length of the complaint, and the breadth of the charges, the Court finds that the cursory allegations against Hemmer are insufficient to provide her with fair notice of the charges against her. Accordingly, plaintiffs' complaint against Hemmer must be dismissed for failure to comply with the requirements of Rule 8.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS the motions to dismiss brought by Whim, Meshkovsky, and Hemmer (Docket Nos. 224 and 235). Plaintiffs' complaint against them is DISMISSED with prejudice.

**IT IS SO ORDERED.**

Dated: January 4, 2006

SUSAN ILLSTON
United States District Judge